UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZINAH HABEEB (A208 601 379), HASAN ALABDALJABBAR, and DANIAH IBRAHIM, <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security, in his official capacity; and UR M. JADDOU, Director, U.S. Citizenship and Immigration Services, in her official capacity,[1] <br><br> Defendants. | No. 20-cv-04132 <br> Judge Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Zinah Habeeb (Habeeb), Hasan Alabdaljabbar (Alabdaljabbar), and Daniah Ibrahim (Ibrahim) (collectively Plaintiffs), natives and citizens of Iraq filed applications for adjustment of status for permanent residence. R. 1, Compl. ¶1, 10–12.[2] The United States Customs and Immigration Services (USCIS) denied the applications. *Id.* ¶ 1. Plaintiffs filed their complaint seeking judicial review of the denial. *Id.* Defendants, Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security, and Ur M. Jaddou, Director for USCIS, have moved to dismiss

---

[1] Mayorkas and Jaddou, as the successors to, respectively, Chad Wolf and Kenneth Cuccinelli, are substituted as defendants in this case. See Fed. R. Civ. P. 25(d).

[2] Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. R. 12, Mot. Dismiss. For the reasons that follow, Defendants' motion is granted.

## Background

Alabdaljabbar and Habeeb are husband and wife, and reside in Chicago, Illinois, with their daughter Ibrahim. Compl. ¶¶ 10–11, 20. Plaintiffs are natives and citizens of Iraq. *Id.* Plaintiffs last entered the United States on October 7, 2015 as visitors and were admitted for a 6-month period until April 6, 2016. *Id.* ¶ 21. On or about December 7, 2015, Plaintiff Alabdaljabbar filed for Asylum and Withholding of Removal (Form I-589) with USCIS, including Habeeb and Ibrahim as derivatives. *Id.* ¶ 22. USCIS acknowledged receipt and notified Plaintiffs that they "may remain in the U.S. until [their] asylum application was decided." *Id.*; R. 1-1, Exh. A, Asylum Acknowledgement.

In February 2020, while their asylum applications were still pending, but after their visitor visas had expired, Plaintiffs filed Forms I-485, Applications to Adjust Status, based on an approved I-130 visa petition filed by Habeeb's sister, a United States citizen (applications to adjust status). Compl. ¶ 23. In June 2020, USCIS denied Plaintiffs' applications to adjust status to lawful permanent residents, because USCIS determined that Plaintiffs were not in lawful immigration status at the time their applications were filed and thus were ineligible for adjustment of status. *Id.* ¶ 24; R. 1-2, Exh. B, USCIS Decision.

2

Plaintiffs subsequently filed a complaint pursuant to the Administrative Procedure Act (APA), seeking (1) a declaratory judgment that Plaintiffs are eligible for adjustment of status; (2) a judgment that Defendants' denial of Plaintiffs' applications to adjust status was arbitrary, capricious, and/or otherwise unlawful; and (3) an order granting Plaintiffs' adjustment of status application. Defendants move to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.

## Standards of Review

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). When deciding a facial challenge to subject matter jurisdiction—that is, when the defendant argues that the plaintiff's *allegations* as to jurisdiction are inadequate—"the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But district courts may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether *in fact* subject matter jurisdiction exists." *Taylor*, 875 F.3d at 853 (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)). In that case, "no presumptive truthfulness attaches to plaintiff's allegations," and the court is "free to

3

weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Apex Digital*, 572 F.3 at 444 (internal citations omitted).

A Rule 12(b)(1) motion must be decided before a 12(b)(6) motion, because if the court lacks subject matter jurisdiction, the substantive issue is moot. *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) ("[i]t is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action.").

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

4

**Relevant Statutes**

Section 245(a) of the Immigration and Nationality Act (INA) allows for a person's status to be adjusted to that of a lawful resident if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). The decision whether to grant adjustment of status is discretionary. *Id.* ("The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence.").

Section 245(c)(2) of the INA disqualifies a person "who is in unlawful immigration status on the date of the filing of the application for adjustment or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously lawful status since entry into the United States." 8 U.S.C. § 1255(c)(2). The implementing regulation, 8 C.F.R. § 245.1(d), defines the term "lawful immigration status," enumerating several categories that qualify. The regulations also contain an exhaustive list of exceptions that fall within the parenthetical phrase "other than through no fault of his own or for technical reasons," (no fault/technical exception) including "[a] technical violation resulting from inaction of the Service (as for example, where an applicant establishes that he or she properly filed a timely

5

request to maintain status and the Service has not yet acted on that request. . . .).” 8 C.F.R. § 245.1(d)(2)(ii).

## Analysis

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims under 8 U.S.C. § 1252(a)(2)(B)(i) and because the action is premature. Mot. Dismiss at 3. The Court addresses each argument in turn.

### I. Jurisdiction under the INA

Plaintiffs ask the Court to review USCIS's decision to deny Plaintiffs' I-485 applications for adjustment of status. Compl.; USCIS Decision at 1–2. Defendants argue that judicial review of USCIS's decision, which was made pursuant to 8 U.S.C. § 1255, is precluded by statute. Mot. Dismiss at 4. Section 242 of the INA explicitly states that courts lack jurisdiction to review any judgment regarding the granting of adjustment of status under Section 1255. 8 U.S.C. § 1252(a)(2)(B)(i); *see also Elhayboubi v. Mayorkas*, 2021 WL 872946, at *2 (N.D. Ill. Mar. 8, 2021) (citing *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017)). Moreover, the statute states that court lack jurisdiction to review "any other decision or action of . . . the Attorney General," (other than the grating of asylum) if the authority for the Attorney General's decision is specified by the statute to be a matter of discretion. 8 U.S.C. § 1252(a)(2)(B)(ii); *see Elhayboubi*, 2021 WL 872946, at *2.

However, Plaintiffs correctly point out that courts, including at least one court in this District, have held that they have jurisdiction over cases where the denial of an application to adjust status was based on a determination of "statutory

6

ineligibility" rather than discretion. R. 13, Resp. at 4–5 (citing *Rivera-Durmaz v. Chertoff*, 456 F. Supp. 2d 943, 950 (N.D. Ill. 2006) (citing *Mireles v. Gonzales*, 433 F.3d 965, 968 (7th Cir. 2006)); *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2nd Cir. 2006); *Pinho v. Gonzales*, 432 F.3d 193, 203 (3d Cir. 2005)); *c.f. Elhayboubi*, 2021 WL 872946, at *1–3 (determining court lacked jurisdiction under § 1252(a)(2)(B) where denial of adjustment of status was "a matter of discretion").

Plaintiffs concede that they were not in lawful status at the time they applied for adjustment of status but insist that they fall within the no fault/technical exception to the lawful status requirement. Resp. at 5 (citing 8 U.S.C. § 1255(c)(2); 8 C.F.R. § 1245.1(d)(2)(ii)). Plaintiffs argue that USCIS's determination that the fault/technical exception did not apply was a purely legal determination of Plaintiffs' statutory eligibility, and therefore is reviewable by this Court. *Id.* The Court agrees that, for purposes of this decision, § 1252(a)(2)(B) does not bar review of the agency decision that Plaintiffs do not meet the legal standards for adjustment of his status. *See Rivera-Durmaz*, 456 F. Supp. 2d at 950 (determining court had jurisdiction to review question of whether plaintiff was guilty of a misrepresentation that barred him from seeking adjustment of status).

Although the parties spend much of their briefs arguing over whether the no fault/technical exception applies, the Court need not decide the issue, as it finds that Plaintiffs have failed to exhaust their administrative remedies (*see infra* Section II).

7

## II. Administrative Exhaustion

Next, Defendants argue that the Court lacks subject-matter jurisdiction because the Plaintiffs have failed to exhaust their administrative remedies. Mot. Dismiss at 3–4; R. 15, Reply at 2. Specifically, Defendants posit that Plaintiffs' application for relief, including adjustment of status, can be renewed when they are placed in removal proceedings. *Id.* (citing *McBrearty v. Perryman*, 212 F. 3d 985, 987 (7th Cir. 2000)). Plaintiffs contend that they have the option of renewing their request for adjustment of status before an immigration judge in a removal proceeding, but that they are not *required* to do so by statute or agency regulation and are not otherwise bound by an exhaustion requirement. (Resp. at 3 (citing 8 C.F.R. § 1103.3(a)(1)(ii)).

The only case cited by Plaintiffs is a non-binding Ninth Circuit case in which the court held that the plaintiffs, who had gone through deportation proceedings, did not have to file a motion to reopen their "repapering" issue before the Board of Immigration Appeals (BIA) in order to exhaust their administrative remedies. *Alcaraz v. I.N.S.*, 384 F.3d 1150, 1157–60 (9th Cir. 2004). Not only is *Alcaraz* factually distinguishable (as it deals with a different section of the INA, and the petitioners had already gone through deportation proceedings), but there also is on-point Seventh Circuit authority that requires a plaintiff to exhaust their administrate remedies before they can seek judicial review of an agency decision denying adjustment of status, regardless of whether removal proceedings have been initiated. *McBrearty*, 212 F.3d at 987 (Although plaintiffs were not the subjects of removal

8

proceeding when they filed their federal complaint, their suit seeking review of agency's denial of adjustment of status was "premature, since, as the plaintiffs acknowledge, they could obtain review of the [agency's] decision by the [BIA] if and when the immigration service institutes removal (i.e., deportation) proceedings against them . . . . They thus have failed to exhaust their administrative remedies."); *see also Abaya v. Chertoff*, 2008 WL 4866601, at *4 (N.D. Ill. July 17, 2008); *Rivera-Durmaz v. Chertoff*, 456 F. Supp. 2d 943, 952 (N.D. Ill. 2006). The Court declines to review Defendants' determination on Plaintiffs' eligibility for adjustment of status until Plaintiffs have exhausted their administrative remedies—specifically, consideration of the matter by an Immigration Judge and review by the BIA.

## Conclusion

For the reasons above, Defendants' motion to dismiss [12] is granted, and the case is dismissed without prejudice, until such time as Plaintiffs' administrative remedies are exhausted.

Dated: September 30, 2021

United States District Judge
Franklin U. Valderrama

9